Jeffrey D. Kaliel (CA Bar No. 238293)
jkaliel@kalielpllc.com
Sophia Goren Gold (CA Bar No. 307971)
sgold@kalielpllc.com
KALIEL PLLC
1875 Connecticut Ave., NW, 10th Floor
Washington, D.C. 20009
(202) 350-4783

Attorneys for Plaintiff
and the Putative Class

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN SALYER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOTELTONIGHT,<br><br>Defendant. | **CASE NO.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Stephen Salyer, individually and on behalf of all others similarly situated (the "Class" as defined below), by and through his undersigned counsel, brings this Class Action Complaint against HotelTonight ("HOTELTONIGHT"), and alleges the following based on personal knowledge as to allegations regarding himself and on information and belief as to other allegations.

## NATURE OF THE CASE

1. Defendant HOTELTONIGHT lures consumers into purchasing hotel rooms on its website by advertising one rate and then quickly and secretly increasing the rate, resulting in consumers paying more than the advertised price. Only after check-out do consumers realize they've fallen into a trap—HOTELTONIGHT has secretly upped the price of the room over and above the advertised price, and charged consumers a higher rate than what was advertised.

2. HOTELTONIGHT engages in a classic bait-and-switch by enticing consumers to purchase hotels at one rate, and then proceeding to charge them a different, higher rate.

3. Indeed, when Plaintiff complained to Defendant about this practice, Defendant blamed hotel owners for the price change and stated that hotel owners have discretion to change prices.

4. HOTELTONIGHT's prices are, in fact, not solid guarantees to sell a room at the rate advertised. In fact, upon information and belief, HOTELTONIGHT has arrangements with hotel providers that allow those providers to change room rates at their discretion, even after HOTELTONIGHT customers have booked those rooms.

5. Defendant's conduct is deceptive and misleading and violates state consumer protection law.

6. By reason of Defendant's deceptive, misleading, and ultimately unlawful practices, reasonable consumers, including Plaintiff and the members of the putative Class, have been injured. Accordingly, Plaintiff Salyer on behalf of himself and all others similarly situated, brings this putative class action to recover damages and restitution for Defendant's violations of state consumer protection law.

7. Additionally, Plaintiff brings this action on behalf of the general public to prevent HOTELTONIGHT from continuing to deceptively misrepresent the price of its hotel rooms to the general public.

## PARTIES

8. Plaintiff Stephen Salyer is a citizen and resident of Tennessee.

9. Defendant HOTELTONIGHT is a multimillion dollar company headquartered in San Francisco, California.

## JURISDICTION AND VENUE

10. This Court has personal jurisdiction over Defendant HOTELTONIGHT because HOTELTONIGHT's headquarters and principal place of business are located in the State of California.

11. This Court has original subject matter jurisdiction over this putative class action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat 4 (codified in various sections of Title 28 of the United State Code); specifically 28 U.S.C. § 1332(d)(2)(A), which provides for the original jurisdiction of the federal district courts over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and [that] is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."

12. Because Plaintiff is a citizen of Tennessee and Defendant is a citizen of California, at least one member of the plaintiff class is "a citizen of a State different from any defendant" in this litigation. Additionally, Plaintiff alleges that the matter in controversy is in excess of $5,000,000 (in the aggregate and exclusive of interest and costs). Finally, Plaintiff alleges that "the number of members of all proposed plaintiff classes in the aggregate" is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B)

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is headquartered in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. HotelTonight Uses a Classic "Bait-and-Switch" Price Scheme

14. HOTELTONIGHT is a mobile application that allows consumers to book last-minute hotel rooms, supposedly at a discount. HOTELTONIGHT in 2017 raised a $37 million Series E, which valued the company at $463 million.

15. HOTELTONIGHT competes with the myriad of other travel booking websites by supposedly offering "amazing deals." HOTELTONIGHT advertises on the Apple iOS store as offering "Amazing hotel deals for tonight, tomorrow and beyond! Hotels give us discounts on their empty rooms. You get the best rates and deals, whether last minute or in advance. HotelTonight makes it incredibly easy to find and reserve a sweet deal at a great hotel. Three taps, one swipe, you're booked!"

16. But HOTELTONIGHT fails to disclose to consumers that many of these "deals" are a sham, whose price will be increased after checkout.

17. Contrary to its price representations, HOTELTONIGHT'S prices are often not as low as advertised. Although HOTELTONIGHT *advertises* the low price, when a consumer clicks on the hotel to make a reservation, they are often *charged* a higher price without adequate warning from the app that the price has increased.

18. Upon information and belief, the pricing disparity may be caused by a glitch in the application whereby the *advertised* prices are not updated as often as the *actual* prices. In other words, the advertised price may display outdated information that does not match up or correlate to the actual price of the hotel room. This pricing system is deceptive and misleads the general public.

19. HOTELTONIGHT's booking process amounts to a classic bait-and-switch price scam wherein the advertised price is the not the actual price.

20. As a result of HOTELTONIGHT'S scheme, many consumers have been duped into purchasing hotel rooms at higher rates than they were willing to pay or were otherwise available.

21. Plaintiff and the Class have been damaged by Defendant's deceptive conduct in that they have paid more for hotel rooms than was advertised.

**B. Plaintiff's Experience**

22. Plaintiff downloaded the HotelTonight mobile application in 2015.

23. In June 2018, Plaintiff used the mobile application to purchase a hotel room at the Days Inn Richfield in Richfield, Utah.

24. At the time Plaintiff made his booking, HotelTonight advertised the price of the hotel as $61 for the night. Plaintiff's screenshots from the time of booking confirm this fact:


23:41
LTE
Where:
Fillmore
When:
Tonight
UTAH
Days Inn
BASIC
Days Inn Richfield
$61
100% | 0.01 mi - Fillmore
was $91
Comfort INN
BASIC
Comfort Inn Richfield
$95
100% | 1.9 mi - Fillmore
was $105


23:45
LTE
Back
Days Inn Richfield
Sun, Jun 10 - Mon, Jun 11
BASIC
Days Inn Richfield
100% | 8 Ratings
Days Inn
Coffee Shop
At Days Inn
120
3D
333 N Main St
Richfield, UT
0 mins
Fillmore
0.01 mi
CONTINUE | $61

25. As clearly demonstrated from the screenshots, Plaintiff believed he was purchasing a room for $61/night, plus taxes and fees.

26. To Plaintiff's surprise, it was only when he received his booking receipt from Defendant that he realized he had **not been charged $61** for the room. HOTELTONIGHT, employing a classic bait-and-switch scheme, padded the bill and **in fact charged him $91** for the room, plus taxes and fees.




**Receipt Details**

**Guest name:** Stephen Salyer
**Check-in:** 3:00 PM - Jun 10, 2018
**Check-out:** 12:00 PM - Jun 11, 2018
**Room type:** Selected by hotel
Max 2 adults. Some hotels may be able to accommodate extra guests for an additional fee.
We charged $102 to your Visa card ending in *8699 under the name HotelTonight.

| | |
|---|---|
| Room | $91 |
| Taxes & Fees | $11 |
| **Total** | **$102** |
| **Balance due** | **$0** |

HotelTonight booking ID: KGZTWN
Confirmation number: 82658EC003194
Booked 9:26pm Jun 10, 2018 MDT

This reservation is for a room that fits 2 guests. Extra guests are at the hotel's discretion and may be subject to additional fees. The specific configuration of the room is dependent on availability and will be assigned when you check in. View our Terms of Use for more information.

**Customer Support**

Need help? We're here 24/7, or feel free to contact the hotel directly.

27. Upon information and belief, HOTELTONIGHT tricked Plaintiff into paying more than the advertised price.

28. When Plaintiff later complained to HOTELTONIGHT about the unexpected price of the room, HOTELTONIGHT blamed the hotel, stating in customer support emails that they "give our partners the flexibility to update the rates throughout the day" and it, "appears that the hotel changed its rate prior to booking."

29. Customer service emails from HOTELTONIGHT indicate that Defendant is aware of, and allows, hotels to change rates:

> Thanks for reaching out and booking with HT. I took a peek at your reservation (and screenshots) and it appears that the hotel changed its rate prior to booking. We can't guarantee against ourselves, the rate you found doesn't quite qualify for our guarantee. The team works crazy-hard to make sure that the rates we display are the lowest ones out there, and in order to get you those deals, we need to give our hotel partners the flexibility to adjust their rates as needed. It appears that's what happened in this case. But rest assured, you've booked a sweet room at a great rate, and we'll be out here tracking down even more of those awesome deals for your next night out.

30. Plaintiff relied on HOTELTONIGHT'S price representations in choosing to purchase the room. At no time did HOTELTONIGHT disclose to Plaintiff that its hotel partners had the "flexibility" to change rates. To the contrary, Plaintiff understood that the rates advertised were valid and would be honored.

31. If Plaintiff had known the room was $91/night as opposed to $61, Plaintiff would have either chosen a different hotel or would not have purchased the room using HOTELTONIGHT.

## CLASS ACTION ALLEGATIONS

34. Description of the Classes: Plaintiff brings this class action on behalf of himself and a Class defined as follows:

> All persons who, within the applicable statute of limitations, used the HotelTonight mobile application to purchase a hotel room and were charged more than the price advertised on HotelTonight (the "National Class").

In addition, Plaintiff brings this class action on behalf of a subclass defined

as follows:

> All persons in the state of Tennessee who, within the applicable statute of limitations, used the HotelTonight mobile application to purchase a hotel room and were charged more than the price advertised on HotelTonight (the "Tennessee Subclass").

In addition, Plaintiff brings this class action on behalf of an equitable relief class defined as follows:

> All persons who, within the applicable statute of limitations, used the HotelTonight mobile application (the "Equitable Relief Class").

35. Excluded from the Class are Defendant's officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

36. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as individual class members would use to prove those elements in individual actions alleging the same claims.

37. Numerosity, Rule 23(a)(1): The members of the proposed Class are so numerous that individual joinder of all members is impracticable.

38. Common Questions of Law and Fact Predominate, Rule 23(a)(2): There are many questions of law and fact common to Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual Class members. All Class members were exposed to Defendant's deceptive and misleading bait-and-switch practices. Additional common questions of law and fact include:

a. Whether HOTELTONIGHT'S pricing practices were and are likely to mislead consumers;

b. Whether HOTELTONIGHT'S representations of the price of hotel rooms on its mobile application were and are false and misleading;

c. Whether HOTELTONIGHT conditions the furnishing of any funeral good or funeral service upon the purchase of any other funeral good or funeral service;

d. Whether HOTELTONIGHT charges more for hotel rooms than the advertised price on its mobile application;

e. Whether HOTELTONIGHT knew or should have known that the prices displayed on its mobile application were and are false and misleading;

f. Whether HOTELTONIGHT made material misrepresentations and omissions concerning its prices;

g. Whether HOTELTONIGHT'S acts and practices alleged herein were unlawful;

h. Whether consumers suffered damages as a result of HOTELTONIGHT'S practices;

i. Whether Plaintiff and the Class members are entitled to equitable relief, including but not limited to injunctive relief and equitable restitution; and

j. Whether HOTELTONIGHT should be ordered to pay attorneys' fees and costs.

39. Typicality, Rule 23(a)(3): Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by HOTELTONIGHT's deceptive, misleading, and ultimately unlawful conduct. Similar or identical statutory violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both number and importance, to the numerous common questions that dominate this action. Moreover, the common questions will yield common answers. Additionally, there are no defenses available to HOTELTONIGHT that are unique to Plaintiff.

40. Adequacy of Representation, Rule 23(a)(4): Plaintiff will fairly and adequately represent and protect the interests of the Class because his interests do not conflict with those of the Class members. Plaintiff will prosecute this action vigorously and is highly motivated to seek redress against Defendant. Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation and arbitration. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.

41. Injunctive or Declaratory Relief; Rule 23(b)(2): The requirements for maintaining a class action pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

42. Superiority of Class Action; Rule 23(b)(3): Plaintiff and the members of the Class

suffered, and will continue to suffer, harm as a result of HOTELTONIGHT's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy for reasons included but not limited to the following:

a. The damages individual class members suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct.

b. It would be virtually impossible for the individual class members to effectively redress the wrongs done to theme. Even if the Class members could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the delay and expense to all parties and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

c. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

d. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications or that would substantively impair or impede their ability to protect their interests.

**FIRST CLAIM FOR RELIEF**
**Violation of California Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code § 17200 *et seq.***
**(On Behalf of the National Class)**

43. Plaintiff incorporates by reference the preceding paragraphs.

44. The UCL defines "unfair competition" to include "any unlawful, unfair, or fraudulent act or practice," as well as "any unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

45. By engaging in the acts and practices described herein, Defendant commits one or more acts of "unfair competition" within the meaning of the UCL.

46. Specifically, Defendant's acts alleged herein are unfair and likely to deceive the general public, and Defendant's acts alleged herein are unlawful in that they violate California's False

Advertising Law ("FAL"), California's Consumer Legal Remedies Act ("CLRA"), as well as other federal and state statutes and regulations.

47. As a result of Defendant's unfair, fraudulent, and unlawful business practices alleged herein, Plaintiff and the Class have been injured in amounts not less than the amounts they overpaid for hotel rooms due to HotelTonight's bait-and-switch price bump. These amounts have been paid to Defendant by Plaintiff and the Class and should be restored to them.

48. If Defendant is permitted to continue to engage in the unlawful, unfair, and fraudulent pricing practices described above, its conduct will cause further injury, and will tend to render any judgment at law by itself ineffectual. Under such circumstances, Plaintiff and the Class have no adequate remedy at law in that Defendant will continue to engage in the wrongful conduct alleged herein, thus creating the need for numerous judicial proceedings. As such, Plaintiff and the Class request and are entitled to injunctive relief, enjoining Defendant from continuing to engage in the unfair, unlawful, and fraudulent advertising described herein.

**SECOND CLAIM FOR RELIEF**
**Consumers Legal Remedies Act (CLRA) Cal. Civ. Code § 1750 *et seq*.**
**(On Behalf of the National Class and Equitable Relief Class)**

49. Plaintiff incorporates by reference the preceding paragraphs.

50. Plaintiff and each of the Class members are "consumers" within the meaning of Civil Code § 1761(d).

51. Plaintiff's and the Class members' purchase of hotel rooms are "transactions" within the meaning of Civil Code § 1761(e).

52. Defendant's provision of hotel rooms are "goods" and/or "services" within the meaning of §§ 1761(a)-(b).

53. Defendant's actions, representations, and conduct have violated, and continue to violate, the CLRA because they extend to transactions that are intended to result, or that have resulted, in the sale of goods or services to any consumer.

54. Under section 1770(a) of the CLRA:

> (a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> * * * * *
>
> (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.
>
> * * * * *
>
> (9) Advertising goods or services with intent not to sell them as advertised.
>
> * * * * *
>
> (16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

55. As detailed above, Defendant has engaged, and continues to engage, in unfair methods of competition and has undertaken unfair or deceptive acts or practices in violation of the foregoing sections of the CLRA by, among things: (a) making deceptive, misleading, or false representations and omissions concerning the price of hotel rooms on its mobile application; (b) employing a "bait-and-switch" pricing scheme; and (c) failing to inform consumers of the final purchase price of their hotel room before their stay.

56. Plaintiff and the Class members believed and relied upon Defendant's foregoing unfair methods of competition and/or deceptive acts or practices in deciding to purchase a hotel room on Defendant's mobile application, and they would not have purchased the hotel room and/or used the mobile application if they had been aware of Defendant's deceptive pricing practices, as described above.

57. Plaintiff and the Class members are injured in fact and lost money as a direct and proximate result of Defendant's unfair methods of competition and/or deceptive acts or practices in that they overpaid for their hotel rooms.

58. Plaintiff and the Class members seek declaratory relief, injunctive relief, and other relief allowable under Bus. & Prof. Code § 17203, including but not limited to enjoining Defendant from continuing to engage in the unfair, unlawful, and fraudulent conduct alleged herein.

59. Pursuant to Section 1782(d) of the CLRA, Plaintiff reserves the right to amend this Complaint to include a request for damages under the CLRA pursuant to Section 1782(a) of the CLRA within thirty (30) days of providing the required notice.

60. Plaintiff's affidavit stating facts showing that venue in this District is proper pursuant to Cal. Civ. Code § 1780(c) is attached hereto.

**THIRD CLAIM FOR RELIEF**
**False Advertising Law (FAL) Cal. Bus. & Prof. Code § 17500 *et seq*.**
**(On Behalf of the National and Equitable Relief Class)**

61. Plaintiff incorporates by reference the preceding paragraphs.

62. Defendant's acts alleged herein violate California Business and Professions Code section 17500. Defendant acted knowingly, recklessly, and in conscious disregard of the true facts in perpetuating their deceptive advertising scheme and causing injuries to Plaintiff and the Class.

63. Defendant's bait-and-switch pricing practices have misled and unfairly induced Plaintiff and the class to enter into transactions and to overpay for hotel rooms.

64. As a result of Defendant's false and misleading pricing practices, misrepresentations, and omissions, Plaintiff and the Class have been injured in that they overpaid for hotel rooms. These amounts have been paid to Defendant by Plaintiff and the Class and should be restored to them.

65. Additionally, Plaintiff seeks injunctive and declaratory relief on behalf of the Class to prevent Defendant from continuing to engage in the wrongful conduct as alleged herein.

**FOURTH CLAIM FOR RELIEF**
**Tennessee Consumer Protection Act (TCPA) T.C.A. § 47-18-104**
**(On behalf of the Tennessee Subclass)**

66. Plaintiff incorporates by reference the preceding paragraphs.

67. Plaintiff brings this cause of action in the alternative, in the event this Court determines California law does not apply to the National Class.

68. Plaintiff and each of the Class members are "consumers" within the meaning of T.C.A. § 47-18-103.

69. Plaintiff's and the Class members' purchase of hotel rooms are "consumer transactions" within the meaning of T.C.A. § 47-18-103.

70. Defendant's provision of hotel rooms are "goods" and/or "services" within the meaning of T.C.A. § 47-18-103.

71. Defendant's actions, representations, and conduct have violated, and continue to violate, the TCPA because they extend to transactions that are intended to result, or that have resulted, in the sale of goods or services to any consumer.

72. Under section 104 of the TCPA:

> (b) The following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part:
>
> * * * * *
>
> (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have
> .
>
> * * * * *
>
> (9) Advertising goods or services with intent not to sell them as advertised.
>
> * * * * *
>
> (22) Using any advertisement containing an offer to sell goods or services when the offer is not a bona fide effort to sell the advertised goods or services.

73. As detailed above, Defendant has engaged, and continues to engage, in unfair methods of competition and has undertaken unfair or deceptive acts or practices in violation of the foregoing sections of the TCPA by, among things: (a) making deceptive, misleading, or false representations and omissions concerning the price of hotel rooms on its mobile application; (b) employing a "bait-and-switch" pricing scheme; and (c) failing to inform consumers of the final purchase price of their hotel room before their stay.

74. Plaintiff and the Class members believed and relied upon Defendant's foregoing unfair methods of competition and/or deceptive acts or practices in deciding to purchase a hotel room on Defendant's mobile application, and they would not have purchased the hotel room and/or used the

mobile application if they had been aware of Defendant's deceptive pricing practices, as described above.

75. Plaintiff and the Class members are injured in fact and lost money as a direct and proximate result of Defendant's unfair methods of competition and/or deceptive acts or practices in that they overpaid for their hotel rooms. As a result, Plaintiff and the Class seek damages under the TCPA.

76. Plaintiff and the Class members also seek declaratory relief, injunctive relief, and other relief allowable under the TCPA, including but not limited to enjoining Defendant from continuing to engage in the unfair, unlawful, and fraudulent conduct alleged herein.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully prays for judgment in his favor and against HOTELTONIGHT as follows:

1. Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel for the Class;

2. Issuing public injunctive relief to prohibit HOTELTONIGHT from continuing to engage in the deceptive and unlawful acts and practices described herein;

3. Ordering HOTELTONIGHT to disgorge and make restitution of all monies it acquired by means of the deceptive and unlawful practices set forth above;

4. Ordering HOTELTONIGHT to pay compensatory damages to Plaintiff and the other members of the Class according to proof;

5. Ordering HOTELTONIGHT to pay punitive damages, as allowable by law, to Plaintiff and the other members of the Class;

6. Ordering HOTELTONIGHT to pay statutory damages, as allowable by law;

7. Order HOTELTONIGHT to pay attorneys' fees and costs; and

8. All other relief the Court deems necessary.

9.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: October 5, 2018

Respectfully submitted,

/s/ *Jeffrey D. Kaliel*

Jeffrey D. Kaliel (CA Bar No. 238293)
Sophia Goren Gold (CA Bar No. 307971)
KALIEL PLLC
1875 Connecticut Ave., NW, 10th Floor
Washington, D.C. 20009
(202) 350-4783
*jkaliel@kalielpllc.com*
*sgold@kalielpllc.com*

Attorneys for Plaintiff and the Putative Class